In re Estate of Louise
V. Lindell, Ernest M.
Blake, Appt.
vs. P. A. No. 148.
Probate Court of West
Warwick.

February 6, 1934.

FROST, J. Heard without the intervention of a jury.

This is an appeal from a decree of the Probate Court of the Town of West Warwick, taken by Ernest M. Blake, executor under the will of Louise V. Lindell, late of West Warwick, deceased, whereby he, as executor, was ordered to furnish a bond of thirty-five thousand dollars with corporate surety in addition to a personal bond of forty thousand dollars previously filed and accepted by the Probate Court, said decree for an additional bond having been made while an undetermined appeal from the probate of said will was pending in the Superior Court.

However the reasons of appeal may be worded, the objections which the appellant urges are that the Probate Court was without jurisdiction to enter the decree and that if it had jurisdiction the order was not a proper exercise of the Court's discretion.

Jurisdiction over the matter of probate bonds is specifically given to Probate Courts by the provisions of Chapter 371 of the General Laws of Rhode Island, 1923.

Section 3 thereof authorizes the Probate Court to require of an executor at any time a bond with surety where the language of the will exempted him from giving either bond or surety. The section reads as follows:

"An order or request in a will that an executor or guardian shall be exempt from giving bond or surety shall only exempt the executor or guardian from giving surety. The Probate Court, however, may require such executor or guardian at any time to give bond with surety or sureties."

The Court finds no language in sections 11 to 19 inclusive of chapter 362 of the General Laws, which sections have to do with the effect of appeals from the Probate Courts,

which, to its mind, evidences any intent of the legislature to give jurisdiction to the Superior Court of any change in a probate bond during the pendency in the Superior Court of an appeal from a Probate Court.

Counsel, in support of this contention, cite to the Court Section 10 of Chapter 323 of the General Laws, which is as follows:

"The Superior Court shall have jurisdiction of such appeals and statutory proceedings as may be provided by law, and may exercise general probate jurisdiction in all cases brought before it on appeal from Probate Courts or when such jurisdiction is properly involved in suits in equity."

The Court thinks the language of this section is not sufficient by itself to indicate that the legislature intended to do more than give jurisdiction to the superior Court over the specific order or decree from which appeal may have been taken from the Probate Court to the Superior Court.

Counsel also refer to certain language of the Court in *Briggs* vs. *Probate Court of Westerly* (1901) 23 R. I. 125 at 131. This was an appeal from a decree of a Probate Court. In the course of the opinion the Court said:

"The Court of Probate, by admitting said will to probate on the 8th day of January, 1900, and by appointing the persons therein named as executors to that office, and by subsequently issuing letters testamentary to said Frances V. Briggs as aforesaid, had exhausted its authority in the premises, and hence had no power to take any further steps in the matter."

A reading of the entire case makes it very clear that the words, "exhausted its authority," refer to the power of the Court in a particular matter, the appointment of an execu-

trix and not to the authority generally which it might have over the execution of the will and the administration of the case as a whole.

In reference to counsel's point as a whole, the language of Mr. Schouler is appropriate:

"Therefore the powers of the Probate Court are not affected by appeals except as to the matters covered by the appeal."

Schouler on Wills, Executors & Administration, 6th ed., Vol. 4, Sec. 341.

The Court's conclusion is, therefore, that the Probate Court had jurisdiction to enter the order appealed from.

Counsel's second point is that the Court's action was not a proper exercise of its discretion. The language of section 3, supra, is very broad: "may require such executor or guardian at any time to give bond with surety or sureties." While the exercise of the Court's power is not obligatory, such power may be used in its discretion. The ultimate purpose of a bond is the protection of the estate, an end which must be desired by both appellants and appellee. Had the Court required bond with corporate surety in the beginnning, it could hardly have been said that the requirement was improper or unreasonable.

At the hearing the suggestion was made that the order of the Court was a reflection upon the honesty of the executor. This Court does not so view it. In the beginning the appellants might have taken little interest in the fact that the executor was required only to give a personal bond but after a verdict in their favor they may well have given thought to the preservation of the estate and preservation of an estate does not depend alone upon the honesty of an executor but rests also upon his ability to protect the assets entrusted to his care. It is difficult to understand how

anyone entrusted with another's money can justly complain of a requirement that he be adequately bonded. Such action protects him as well as others. In this case the evidence shows that the executor's financial strength is not great so far as one can judge from the ownership of real estate.

The decree of the Probate Court was a proper exercise of the Court's discretion and decision must therefore be given for the appellee and in approval of the decree of the Probate Court.

*McKenzie & Shea* vs. *R. I. Hospital Trust Co.*, (1923) 45 R. I. 407 at 413.

For appellant: Grim & Littlefield.
For appellee: Baker & Spicer.